PROGRESSIVE FINE ART COMPANY and another, Appellants,
vs. INDUSTRIAL COMMISSION, Respondent.

*October 8—November 3, 1953.*

For the appellants there was a brief and oral argument by
*Stephen C. deVries* of Milwaukee.

For the respondent there was a brief and oral argument by
*W. H. Putnam* of Madison.

Fritz, C. J. The primary issue upon a review of judgment on this appeal is a question of statutory construction involving, so far as here material, sec. 108.16 (8) (a), Stats., which provides:

"If the business of any 'employer' is transferred in whole or in part, the transferee shall be deemed a successor for the purposes of this chapter. An employing unit shall not be deemed a successor, however, if the commission finds that there were less than eighteen weeks ending within the calendar year in which the transfer occurred (and also less than eighteen weeks ending within the preceding calendar year) within which the transferring 'employer' employed as many as four persons in employment subject to this chapter in connection with the business or portion thereof transferred. In case of the transfer of any of the assets of a covered employer's business by any means whatever, otherwise than in the ordinary course of trade, such transfer shall be deemed a transfer of business and shall constitute the transferee a successor hereunder, unless the commission, on its own motion or on application of an interested party, finds that all the following conditions exist:

"1. The transferee has not assumed any of the transferor's obligations; and

"2. The transferee has not acquired any of the transferor's good will; and

"3. The transferee has not continued or resumed the business of the transferor, either in the same establishment or elsewhere; and

"4. The transferee has not employed substantially the same employees as those the transferor had employed in connection with the assets transferred."

Appellants contend that the language "as many as four" means "four or more." The appeal tribunal agreed that "as many as four" meant "four or more;" still defeated the successorship. The appellants' argument is that the statute permits the Industrial Commission to find a successorship only if the transferor employed less than four persons in the requisite number of weeks. That proposition, as advanced by

the appellants, is phrased as follows: "Sec. 108.16(8) (a) which excludes transferees from certain transferors from the successor class, refers to transferees of transferors who employed four or more." It will be noted that this is the exact converse of what the statute actually provides in the second sentence thereof reading as follows:

"An employing unit shall not be deemed a successor, however, if the commission finds that there were less than eighteen weeks ending within the calendar year in which the transfer occurred (and also less than eighteen weeks ending within the preceding calendar year), within which the transferring 'employer' employed as many as four persons in employment subject to this chapter in connection with the business or portion thereof transferred."

Appellants' argument is evolved by ingeniously isolating a single phrase in the above sentence and then carefully analyzing that fragment of the sentence to ascertain the true meaning of the entire sentence. Great emphasis is devoted to the proposition that the phrase "employed as many as four" means what it says and contemplates an employment of four or more persons. But it is coupled with other phrases and the entire sentence clearly provides that no transferee can be a successor unless the transferor has employed "as many as four" in at least eighteen weeks lying wholly within the year of transfer and also had that much employment during the preceding year. Under the appellants' theory, there could be no successor where the number of employees involved exceeded *three* in eighteen weeks during the year of transfer; and in eighteen weeks during the preceding calendar year. According to the appellants, successorship under ch. 108, Stats., can only arise where the transferor employed one, two, or three persons. No transfer of a business employing "as many as four" could result in a statutory successorship.

As an illustration, a possible sale and transfer of such a large and successful business as the Allis-Chalmers Manu-

facturing Company would mean that the new owners could not be successors under the appellants' theory; and a prosperous business with a large balance in its unemployment compensation account therefore, would have to be immobilized and transferred to the balancing account pursuant to sec. 108.16 (6) (c), Stats. The large number of the employees would henceforth be disenfranchised from their benefit rights under ch. 108, Stats. It is manifestly obvious that the legislature did not intend any such absurd results under sec. 108.16 (8) (a). It is only where the transfer involves a very small employing unit that the statute prohibits such a successorship. It is not *vice versa* as argued by appellants. The reasonableness of this is self-evident when it is realized that small employing units are not subject to ch. 108 in the first instance. Essentially an employer must have six or more individuals in its employment within each of eighteen weeks or more lying wholly within the year before he initially becomes subject to sec. 108.02 (4) (d). In order to cease compliance, he must show that his employment has dropped down to less than four employees in as many as eighteen weeks during the current year, as well as during the preceding year. Sec. 108.02 (4) (g) 3. The comparable screening provisions of sec. 108.16 (8) (a) are thus tied in and geared to the basic coverage provisions of sec. 108.02 (4) (d) and sec. 108.02 (4) (g) 3.

The Industrial Commission adopted and affirmed the findings of fact and affirmed a decision of an appeal tribunal which determined that Northwestern Properties, Inc., did not qualify as a successor to Progressive Fine Art Company under sec. 108.16 (8) (a), Stats. And, therefore, an unemployment compensation fund of some $8,000 was not transferred to the plaintiff Northwestern Properties, Inc. The ultimate facts are that the Wisconsin corporation known as Progressive Fine Art Company discontinued its operation in the lithography business in Milwaukee on or about Febru-

ary 13, 1948, and on May 1, 1950, Progressive Fine Art Company merged with Northwestern Properties, and thus succeeded to the physical assets of Progressive Fine Art Company.

The applicable statute is sec. 108.16 (8) (a), the relevant portions of which read as follows:

"If the business of any 'employer' is transferred in whole or in part, the transferee shall be deemed a successor for the purposes of this chapter. An employing unit shall not be deemed a successor, however, if the commission finds that there were less than eighteen weeks ending within the calendar year in which the transfer occurred (and also less than eighteen weeks ending within the preceding calendar year) within which the transferring 'employer' employed as many as four persons in employment subject to this chapter in connection with the business or portion thereof transferred."

*By the Court.*—Judgment affirmed.